IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA ORDER

v. 14-cv-3-wmc

KIWANTA ALI

---

Defendant Kiwanta Ali has filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence that he received in *United States v. Ali*, Case No. 11-cr-6-wmc. The government has filed a response, arguing that the motion should be dismissed as barred by the one-year statute of limitations found in § 2255(f). Alternatively, the government argues that Ali's motion is without merit. Ali has not filed a reply and his time to do so has expired. Instead, Ali has filed a motion for appointment of counsel. The motion must be denied for the reasons set forth briefly below.

There is no right to counsel in cases on collateral review. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). A federal habeas corpus court may appoint counsel for a financially eligible petitioner where "the interests of justice so require." 18 U.S.C. § 3006A(g); *Johnson v. Chandler*, 487 F.3d 1037, 1038 (7th Cir. 2007). Appointment of counsel in this context is discretionary "unless denial would result in fundamental unfairness impinging on due process rights." *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983) (quoting *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967)); *Winsett v. Washington*, 130 F.3d 269, 280 (7th Cir. 2007).

Ali has filed a motion for leave to proceed *in forma pauperis* along with a certified

copy of his inmate trust account statement. Although Ali qualifies as indigent, he does not show that he meets the criteria for counsel found in the Rules Governing Section 2255 Cases in the United States District Courts. *See* Rules 6(a), 8(c) (citing 18 U.S.C. § 3006A), or that the interests of justice require the appointment of counsel at this time. In that respect, the government has raised as a threshold issue the defense of limitations by noting that Ali's underlying motion is untimely. Ali does not demonstrate that discovery is needed or that this issue cannot be resolved on the available record such that an evidentiary hearing may be necessary. Accordingly, Ali's motion for appointment of counsel will be denied at this time. The court will, however, grant Ali an extension of time in which to submit a reply to the government's brief if he wishes to do so.

## ORDER

IT IS ORDERED that:

1. Defendant Kiwanta Ali's motion for leave to proceed in forma pauperis (dkt. # 2) is GRANTED, but his motion for appointment of counsel (dkt. # 4) is DENIED.

2. Ali may have until May 16, 2014 in which to file a response to the government's brief (dkt. # 3), a copy of which is enclosed as a courtesy.

Entered this 30th day of April, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge