IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| UNITED STATES OF AMERICA | OPINION AND ORDER |
| v. | 14-cv-3-wmc |
| | 11-cr-6-wmc |
| KIWANTA ALI | |

---

Defendant Kiwanta Ali has filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence that he received in *United States v. Ali*, Case No. 11-cr-6-wmc. Respondent has filed a brief in opposition. After considering all of the pleadings, and this court's own recollection of the underlying proceedings, the motion will be denied for the reasons set forth briefly below.

BACKGROUND

In December 2010, Ali and a co-defendant committed as many as eight armed robberies during a crime spree in Dane County, Wisconsin. Shortly thereafter, a grand jury in this district returned an indictment, which charged them with: conspiracy to obstruct, delay and affect interstate commerce by committing robbery; robbery by means of actual and threatened force, violence and fear of immediate injury; brandishing a firearm during a crime of violence; and possession of a firearm as a felon.

On May 11, 2011, Ali entered a guilty plea to counts six and seven of the indictment, charging him with interfering with interstate commerce by committing robbery and brandishing a shotgun during a crime of violence. Based on Ali's substantial assistance, the court granted the government's motion for a downward departure pursuant to § 5K1.1 of the Sentencing Guidelines. The court sentenced Ali on July 20, 2011, to serve 72 months in

prison on count six, followed by a consecutive term of 84 months on count seven for a total of 156 months' confinement. Ali did not pursue a direct appeal, making his conviction final 14 days later on August 3, 2011. *See* FED. R. APP. P. 4(b)(1)(A).

On October 31, 2013, Ali executed a motion for relief pursuant to 28 U.S.C. § 2255, alleging that he was denied effective assistance of counsel.[1] In particular, Ali contends that his then defense attorney, Federal Public Defender Michael Leiberman, was deficient in (1) coercing him to cooperate with the government by promising a sentence of no more than 120 months; and (2) refusing to file an appeal on his behalf.

OPINION

The government argues that Ali's motion is subject to dismissal as untimely under the one-year statute of limitations found in 28 U.S.C. § 2255(f). The limitations period found in § 2255(f) begins to run from the latest of —

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Ali does not claim that he was prevented from seeking relief by a governmental action

---

[1] The postal service stamp indicates that Ali's motion was mailed on December 26, 2013, but he claims he placed it in the prison mail system for filing on October 31, 2013.

or impediment, therefore § 2255(f)(2) does not apply. Likewise, Ali's ineffective-assistance claims do not depend on a newly recognized right made retroactive by the Supreme Court or on supporting facts that could not have been discovered previously with the exercise of due diligence for purposes of § 2255(f)(3) or (f)(4), respectively.

Under these circumstances, the statute of limitations runs from the date the judgment in Ali's case became final on or about August 3, 2011. That date triggered the statute of limitations found in § 2255(f)(1), which thus expired one year later on August 3, 2012. Ali's pending motion dated October 31, 2013, is late by more than a year.

Ali offers no valid explanation for his lack of diligence or his decision to wait until October 2013 to challenge his conviction. Nor does he allege or show that there is any basis to toll the statute of limitations. Accordingly, Ali's § 2255 motion will be dismissed as barred by the one-year statute of limitations found in 28 U.S.C. § 2255(f).[2]

Under Rule 11 of the Rules Governing Section 2255 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason

---

[2] Because the motion is plainly barred by limitations, the court does not address the government's alternative argument that the claims are without merit.

would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated, reasonable jurists would not debate the decision that defendant's motion is untimely and therefore barred by 28 U.S.C. § 2255(f). Therefore, no certificate of appealability will issue.

## ORDER

IT IS ORDERED that:

1. Defendant Kiwanta Ali's motion to vacate, set aside or correct sentence is DENIED.

2. A certificate of appealability is also DENIED. Defendant may, if he wishes to do so, seek a certificate from the court of appeals under Fed. R. App. 22.

Entered this 8th day of May, 2015.

                              BY THE COURT:

                              /s/
                              _____
                              WILLIAM M. CONLEY
                              District Judge